# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### TYLER DIVISION

| | | |
|---|---|---|
| **BALTHER TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AMERICAN HONDA MOTOR CO. INC.,** | § | |
| **HONDA MOTOR COMPANY, LTD., BMW** | § | |
| **OF NORTH AMERICA, LLC, BMW AG,** | § | |
| **CHRYSLER GROUP LLC, FERRARI** | § | |
| **NORTH AMERICA, INC., FERRARI S.P.A.,** | § | |
| **GENERAL MOTORS, LLC, HYUNDAI** | § | |
| **MOTOR AMERICA, HYUNDAI MOTOR** | § | Civil Action No. 6:10-CV-78 |
| **COMPANY, JAGUAR LAND ROVER** | § | |
| **NORTH AMERICA, LLC, JAGUAR CARS** | § | |
| **LIMITED, MASERATI NORTH AMERICA,** | § | |
| **INC., MASERATI S.P.A., MERCEDES-BENZ** | § | |
| **USA, LLC, DAIMLER NORTH AMERICA** | § | **JURY TRIAL DEMANDED** |
| **CORP., DAIMLER AG, MAZDA MOTOR** | § | |
| **OF NORTH AMERICA, INC., MAZDA** | § | |
| **MOTOR CORP., MITSUBISHI MOTORS** | § | |
| **NORTH AMERICA, INC., MITSUBISHI** | § | |
| **MOTORS CORP., NISSAN NORTH** | § | |
| **AMERICA, INC., NISSAN MOTOR CO.,** | § | |
| **LTD., PORSCHE CARS NORTH AMERICA,** | § | |
| **INC., DR. ING. HC. F. PORSCHE AG, SAAB** | § | |
| **CARS NORTH AMERICA, INC., TOYOTA** | § | |
| **MOTOR NORTH AMERICA, INC.,** | § | |
| **TOYOTA MOTOR SALES, U.S.A., INC.,** | § | |
| **TOYOTA MOTOR CORP., VOLKSWAGEN** | § | |
| **GROUP OF AMERICA, INC.,** | § | |
| **AUTOMOBILI LAMBORGHINI S.P.A.,** | § | |
| **AUDI AG, VOLKSWAGEN AG, FORD** | § | |
| **MOTOR COMPANY, VOLVO CARS OF** | § | |
| **NORTH AMERICA, LLC, and VOLVO CAR** | § | |
| **CORP.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Balther Technologies, LLC ("Balther") complains against Defendants American Honda Motor Co. Inc. and Honda Motor Company, Ltd. (collectively "Honda"); BMW of North America, LLC and BMW AG (collectively "BMW"); Chrysler Group LLC ("Chrysler"); Ferrari North America, Inc. and Ferrari S.p.A. (collectively "Ferrari"); General Motors, LLC (formerly known as General Motors Company) ("GM"); Hyundai Motor America and Hyundai Motor Company (collectively "Hyundai"); Jaguar Land Rover North America, LLC and Jaguar Cars Limited (collectively "Jaguar"); Maserati North America, Inc. and Maserati S.p.A. (collectively "Maserati"); Mercedes-Benz USA, LLC, Daimler North America Corporation, and Daimler AG (collectively "Mercedes-Benz"); Mazda Motor of America, Inc. (also known as Mazda North American Operations) and Mazda Motor Corporation (collectively "Mazda"); Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corporation (collectively "Mitsubishi"); Nissan North America, Inc. and Nissan Motor Co., Ltd. (collectively "Nissan"); Porsche Cars North America, Inc. and Dr. Ing. hc. F. Porsche AG (collectively "Porsche"); SAAB Cars North America, Inc. ("SAAB"); Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Corporation (collectively "Toyota"); Volkswagen Group of America, Inc. (also known as Audi of America, Inc.) ("VW-Audi US"); Automobili Lamborghini S.p.A. ("Lamborghini"); Audi AG; Volkswagen AG ("VW AG"); Ford Motor Company ("Ford"); and Volvo Cars of North America, LLC and Volvo Car Corporation (collectively "Volvo"), as follows:

### PARTIES

1.      Plaintiff Balther Technologies, LLC is a Texas limited liability company having its principal place of business in Longview, Texas.

2.      On information and belief, Defendant American Honda Motor Co. Inc. is a California corporation having its principal place of business in Torrance, California.

3.      On information and belief, Defendant Honda Motor Company, Ltd. is a Japanese corporation having its principal place of business in Tokyo, Japan.

4.      On information and belief, Defendant American Honda Motor Co. Inc. is a subsidiary of Defendant Honda Motor Company, Ltd.

5.      On information and belief, Defendant BMW of North America, LLC is a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.

6.      On information and belief, Defendant BMW AG is a German corporation having its principal place of business in Munich, Germany.

7.      On information and belief, Defendant BMW of North America, LLC is a wholly owned subsidiary of BMW (US) Holding Corp., which is a wholly owned subsidiary of Defendant BMW AG.

8.      On information and belief, Defendant Chrysler is a Delaware limited liability company having its principal place of business in Auburn Hills, Michigan.

9.      On information and belief, Defendant Ferrari North America, Inc. is a Delaware corporation having its principal place of business in Englewood Cliffs, New Jersey.

10.      On information and belief, Defendant Ferrari S.p.A. is an Italian corporation having its principal place of business in Maranello, Italy.

11.      On information and belief, Defendant Ferrari North America, Inc. is a wholly-owned subsidiary of Defendant Ferrari S.p.A.

12.     On information and belief, Defendant GM is a Delaware limited liability company having its principal place of business in Detroit, Michigan.

13.     On information and belief, Defendant Hyundai Motor America is a California corporation having its principal place of business in Fountain Valley, California.

14.      On information and belief, Defendant Hyundai Motor Company is a Korean corporation having its principal place of business in Seoul, South Korea.

15.     On information and belief, Defendant Hyundai Motor America is a wholly owned subsidiary of Defendant Hyundai Motor Company.

16.     On information and belief, Defendant Jaguar Land Rover North America, LLC is a Delaware limited liability company having its principal place of business in Mahwah, New Jersey.

17.      On information and belief, Defendant Jaguar Cars Limited is a UK corporation having its principal place of business in Whitley, England.

18.     On information and belief, Defendant Jaguar Land Rover North America LLC is a wholly owned subsidiary of Defendant Jaguar Cars Limited.

19.     On information and belief, Defendant Maserati North America, Inc. is a Delaware corporation having its principal place of business in Englewood Cliffs, New Jersey.

20.      On information and belief, Defendant Maserati S.p.A. is an Italian corporation having its principal place of business in Modena, Italy.

21.     On information and belief, Defendant Maserati North America, Inc. is a wholly owned subsidiary of Defendant Maserati S.p.A.

22.     On information and belief, Defendant Mercedes-Benz USA, LLC is a Delaware limited liability company having its principal place of business in Montvale, New Jersey.

4

23.     On information and belief, Defendant Daimler North America Corp. is a Delaware corporation having its principal place of business in Bingham Farms, Michigan.

24.     On information and belief, Defendant Daimler AG is a German corporation having its principal place of business in Stuttgart, Germany.

25.     On information and belief, Defendant Mercedes-Benz USA LLC is a wholly owned subsidiary of Defendant Daimler North America Corp., which is a wholly owned subsidiary of Defendant Daimler AG.

26.     On information and belief, Defendant Mazda Motor of America, Inc. is a California corporation having its principal place of business in Irvine, California.

27.     On information and belief, Defendant Mazda Motor Corporation is a Japanese corporation having its principal place of business in Hiroshima, Japan.

28.     On information and belief, Defendant Mazda Motor of America, Inc. is a subsidiary of Defendant Mazda Motor Corporation.

29.     On information and belief, Defendant Mitsubishi Motors North America, Inc. is a California corporation having its principal place of business in Cypress, California.

30.     On information and belief, Defendant Mitsubishi Motors Corporation is a Japanese corporation having its principal place of business in Tokyo, Japan.

31.     On information and belief, Defendant Mitsubishi Motors North America, Inc. is a wholly owned subsidiary of Defendant Mitsubishi Motors Corporation.

32.     On information and belief, Defendant Nissan North America, Inc. is a California corporation having its principal place of business in Franklin, Tennessee.

33.     On information and belief, Defendant Nissan Motor Co., Ltd. is a Japanese corporation having its principal place of business in Kanagawa, Japan.

34.     On information and belief, Defendant Nissan North America, Inc. is a subsidiary of Defendant Nissan Motor Co., Ltd.

35.     On information and belief, Defendant Porsche Cars North America, Inc. is a Delaware corporation having its principal place of business in Atlanta, Georgia.

36.     On information and belief, Defendant Dr. Ing. hc. F. Porsche AG is a German corporation having its principal place of business in Stuttgart, Germany.

37.     On information and belief, Defendant Dr. Ing. hc. F. Porsche AG indirectly owns the stock of Defendant Porsche Cars North America, Inc.

38.     On information and belief, Defendant SAAB is a Delaware corporation having its principal place of business in Detroit, Michigan.

39.     On information and belief, Defendant Toyota Motor North America, Inc. is a California corporation having its principal place of business in New York, New York.

40.     On information and belief, Defendant Toyota Motor Sales, U.S.A., Inc. is a California corporation having its principal place of business in Torrance, California.

41.     On information and belief, Defendant Toyota Motor Corporation is a Japanese corporation having its principal place of business in Toyota City, Japan.

42.     On information and belief, Defendant Toyota Motor North America, Inc. and Defendant Toyota Motor Sales, U.S.A., Inc. are each wholly owned subsidiaries of Defendant Toyota Motor Corporation.

43.     On information and belief, Defendant VW-Audi US is a New Jersey corporation having its principal place of business in Herndon, Virginia.

44.     On information and belief, Defendant Lamborghini is an Italian corporation having its principal place of business in Sant' Agata Bolognese, Italy.

45.    On information and belief, Defendant VW AG is a German corporation having its principal place of business in Wolfsburg, Germany.

46.    On information and belief, Defendant VW-Audi US and Defendant Lamborghini are each wholly owned subsidiaries of Defendant VW AG.

47.    On information and belief, Defendant Audi AG is a German corporation having its principal place of business in Ingolstadt, Germany.

48.    On information and belief, Defendant Audi AG is a 99.55% owned subsidiary of Defendant VW AG.

49.    On information and belief, Defendant Ford Motor Company is a Delaware corporation having its principal place of business in Dearborn, Michigan.

50.    On information and belief, Defendant Volvo Cars of North America, LLC is a Delaware limited liability company having its principal place of business in Rockleigh, New Jersey.

51.    On information and belief, Defendant Volvo Car Corporation is a Swedish corporation having its principal place of business in Göteborg, Sweden.

52.    On information and belief, Defendant Volvo Cars of North America, LLC is a subsidiary of Defendant Volvo Car Corporation.

## JURISDICTION AND VENUE

53.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

54.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).   On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

55.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

56.     Balther is the owner by assignment of United States Patent No. 7,241,034 ("the '034 patent") entitled "Automatic Directional Control System for Vehicle Headlights."  The '034 patent was duly and legally issued on July 10, 2007.  A true and correct copy of the '034 patent is attached as Exhibit A.

57.     On information and belief, Defendant Honda has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Honda's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Acura RL product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Honda that includes automatic directional and/or leveling control system(s) for vehicle lights

or similar features that infringe one or more claims of the '034 patent.  Honda is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

58.    On information and belief, Defendant BMW has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  BMW's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the BMW 5 Series and Mini Cooper S products that include automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by BMW that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  BMW is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

59.    On information and belief, Defendant Chrysler has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Chrysler's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States at least the Jeep Grand Cherokee product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Chrysler that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.   Chrysler is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

60.     On information and belief, Defendant Ferrari has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Ferrari's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Ferrari California product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Ferrari that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Ferrari is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

61.     On information and belief, Defendant GM has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  GM's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States at least the Cadillac CTS and Buick Enclave products that include automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by GM that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  GM is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

62.     On information and belief, Defendant Hyundai has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the

United States.  Hyundai's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Hyundai Genesis product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Hyundai that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Hyundai is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

63.     On information and belief, Defendant Jaguar has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Jaguar's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Jaguar XKR and Land Rover Range Rover Sport products that include automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Jaguar that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Jaguar is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

64.     On information and belief, Defendant Maserati has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Maserati's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the

Maserati GranTurismo product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Maserati that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Maserati is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

65.   On information and belief, Defendant Mercedes-Benz has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Mercedes-Benz's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Mercedes-Benz GL550 and Maybach 57 products that include automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Mercedes-Benz that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Mercedes-Benz is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

66.   On information and belief, Defendant Mazda has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Mazda's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Mazda RX-8 product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold

by Mazda that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Mazda is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

67.     On information and belief, Defendant Mitsubishi has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Mitsubishi's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Mitsubishi Outlander XLS product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Mitsubishi that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Mitsubishi is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

68.     On information and belief, Defendant Nissan has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nissan's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Infiniti G37 Sport product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Nissan that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Nissan is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

69.     On information and belief, Defendant Porsche has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Porsche's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Porsche 911 GT3 product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Porsche that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Porsche is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

70.     On information and belief, Defendant SAAB has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  SAAB's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Saab 9-3 2.0T product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by SAAB that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  SAAB is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

71.     On information and belief, Defendant Toyota has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the

United States. Toyota's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Toyota Avalon product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Toyota that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent. Toyota is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

72. On information and belief, Defendants Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation have been and now are further directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation's further infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Lexus IS 250 product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent. Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation are thus liable for further infringement of the '034 patent pursuant to 35 U.S.C. § 271.

73. On information and belief, Defendants VW-Audi US, Audi AG, and VW AG have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial

district, and elsewhere in the United States.   VW-Audi US, Audi AG, and VW AG's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Audi S4 Avant product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by VW-Audi US, Audi AG, and VW AG that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.   VW-Audi US, Audi AG, and VW AG are thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

74.    On information and belief, Defendants VW-Audi US and VW AG have been and now are further directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.   VW-Audi US and VW AG's further infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Volkswagen Passat Lux product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by VW-Audi US and VW AG that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.   VW-Audi US and VW AG are thus liable for further infringement of the '034 patent pursuant to 35 U.S.C. § 271.

75.    On information and belief, Defendants Lamborghini and VW AG have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and

elsewhere in the United States.  Lamborghini and VW AG's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Lamborghini Gallardo product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Lamborghini and VW AG that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Lamborghini and VW AG are thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

76.     On information and belief, Defendant Ford has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Ford's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States at least the Lincoln MKX product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Ford that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Ford is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

77.     On information and belief, Defendant Volvo has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '034 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Volvo's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the

Volvo S80 product that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features, and any other product made, used, offered for sale, and/or sold by Volvo that includes automatic directional and/or leveling control system(s) for vehicle lights or similar features that infringe one or more claims of the '034 patent.  Volvo is thus liable for infringement of the '034 patent pursuant to 35 U.S.C. § 271.

78.     As a result of Defendants' infringement of the '034 patent, Balther has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Balther requests that this Court enter:

A.      A judgment in favor of Balther that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '034 patent;

B.      A judgment and order requiring Defendants to pay Balther its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '034 patent as provided under 35 U.S.C. § 284; and

C.      Any and all other relief to which the Court may deem Balther entitled.

## DEMAND FOR JURY TRIAL

Balther, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas Bar No. 00790215
Adam A. Biggs

Texas Bar No. 24051753
Debra Coleman
Texas Bar No. 24059595
Matthew C. Harris
Texas Bar No. 24059904
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
aab@emafirm.com
drc@emafirm.com
mch@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas Bar No. 21518050
J. Mike Amerson
Texas Bar No. 01150025
Jaison C. John
Texas State Bar No. 24002351
Christopher N. Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041802
Michael A. Benefield
Indiana Bar No. 24560-49
David Morehan
Texas Bar No. 24065790
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
danny@wmalaw.com
mike@wmalaw.com
jjohn@wmalaw.com

ccravey@wmalaw.com
mrodgers@wmalaw.com
mbenefield@wmalaw.com
dmorehan@wmalaw.com

*Attorneys for Balther Technologies, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 8th day of March 2010.

Eric M. Albritton